Dear Sheriff Hall:
You ask substantially the following question:
In a juvenile misdemeanor case, is the sheriff's office required to reveal the names and addresses of the parents of the juvenile offender when asked for in a public records request?
You state that there has been some confusion over the release of information pertaining to a juvenile's misdemeanor file.
Juvenile offender records traditionally have been treated differently from other records in the criminal justice system and, with certain exceptions, have been considered confidential. Section 985.04(1), Florida Statutes, provides:
"Except as provided in subsections (2), (3), (6), and (7) and s.943.053, all information obtained under this chapter in the discharge ofofficial duty by any judge, any employee of the court, any authorized agent of the department, the Parole Commission, the Department of Corrections, the juvenile justice circuit boards, any law enforcementagent, or any licensed professional or licensed community agency representative participating in the assessment or treatment of a juvenile is confidential and may be disclosed only to the authorized personnel of the court, the department and its designees, the Department of Corrections, the Parole Commission, law enforcement agents, school superintendents and their designees, any licensed professional or licensed community agency representative participating in the assessment or treatment of a juvenile, and others entitled under this chapter to receive that information, or upon order of the court. . . ."[1]
As a general rule, therefore, access to the records of juvenile offenders is limited.[2] Section 985.04, Florida Statutes, however, recognizes certain exceptions. Pursuant to subsection (2) and notwithstanding any other provisions of Chapter 985, Florida Statutes, the name, photograph, address, and crime or arrest report of a child is not considered confidential and exempt from s. 119.07(1) solely because of the child's age if the child was:
"(a) . . . [T]aken into custody by a law enforcement officer for a violation of law which, if committed by an adult, would be a felony;
(b) Found by a court to have committed three or more violations of law which, if committed by an adult, would be misdemeanors;
(c) Transferred to the adult system under s. 985.557, indicted under s. 985.56, or waived under s. 985.556;
(d) Taken into custody by a law enforcement officer for a violation of law subject to s. 985.557(2)(b) or (d); or
(e) Transferred to the adult system but sentenced to the juvenile system under s. 985.565."
Your inquiry concerns a juvenile misdemeanor case. Nothing in your letter indicates that the juvenile has been found by a court to have committed three or more violations of law which, if committed by an adult, would be misdemeanors or that any of the other circumstances set forth in section 985.04(2), Florida Statutes, are applicable. Thus, the records of such a juvenile arrested for a misdemeanor held by the sheriff's office would be governed by the confidentiality provisions of section 985.04(1), Florida Statutes, and may only be released to those individuals and entitles specified therein or upon order of the court.[3] Pursuant to section 985.04(3), Florida Statutes, however, a law enforcement agency may release a copy of the juvenile offense report to the victim of the offense.[4]
Accordingly, I am of the opinion that in a juvenile misdemeanor case where the provisions of section 985.04(2), Florida Statutes, are not applicable, the sheriff's office
is not authorized to reveal the names and addresses of the parents of the juvenile offender when asked for in a public records request.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] Section 985.04(1), Fla. Stat., further provides:
"Within each county, the sheriff, the chiefs of police, the district school superintendent, and the department shall enter into an interagency agreement for the purpose of sharing information about juvenile offenders among all parties. The agreement must specify the conditions under which summary criminal history information is to be made available to appropriate school personnel, and the conditions under which school records are to be made available to appropriate department personnel. Such agreement shall require notification to any classroom teacher of assignment to the teacher's classroom of a juvenile who has been placed in a probation or commitment program for a felony offense. The agencies entering into such agreement must comply with s. 943.0525, and must maintain the confidentiality of information that is otherwise exempt from s. 119.07(1), as provided by law."
And see s. 985.04(4), Fla. Stat., setting forth the circumstances for notification of the school superintendent.
[2] See also s. 985.04(7)(a), Fla. Stat. (records in the custody of the Department of Juvenile Justice "are not open to inspection by the public" and may only be released to the entities prescribed therein); and s. 985.045(2), Fla. Stat., providing, with limited exceptions, for the confidentiality of juvenile court records.
[3] But see Op. Att'y Gen. Fla. 96-65 (1995) stating that the subject of juvenile offense records may authorize access to such records to others.
[4] Section 985.04(3), Fla. Stat., however, provides that the information gained by the victim under this chapter, including the next of kin of a homicide victim, regarding any case handled in juvenile court, must not be revealed to any outside party, except as is reasonably necessary in pursuit of legal remedies.